UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON LOUIS TINKLENBERG,

    Defendant.

_____/

Case No. 1:05-CR-239

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Defendant Jason Louis Tinklenberg's Motion to Dismiss Based on Violation of the Speed Trial Act. Upon careful review, the Court will deny Defendant's Motion.

    The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74, generally requires a federal criminal trial to begin 70 days after a defendant is charged with a crime or has made an initial appearance. *Id.* § 3161(c)(1). If the defendant's trial does not begin within the Act's 70-day window, he may move, before the start of the trial or entry of a guilty plea, to dismiss the charge against him. *Id.* § 3162(a)(2). If timely and in satisfaction of his burden of proof, the trial court must grant the defendant's motion. *Id.* The Act, however, recognizes that delay is often the product of unavoidable events and allows for certain periods to be excepted from the 70-day trial clock. To that end, the Act embodies a long and detailed list of specific circumstances that are excluded from speedy trial computation.[1] *See id.* § 3161(h).

---

[1] In calculating periods of time under the Speedy Trial Act, "the day of the act or event from which the designated period of time begins to run shall not be included." FED. R. CRIM. P. 45(a).

In this case, Defendant made his initial appearance before the Court on October 11, 2005. Defendant next appeared on November 2, 2005, at which time Defense counsel orally moved to compel Defendant to undergo a forensic psychiatric evaluation. Defendant's Motion was granted that day and Defendant's speedy trial clock stopped. 18 U.S.C. § 3161(h)(1)(A). Thus far, one speedy trial day had elapsed.

Defendant's speedy trial clock resumed on March 23, 2006, when the Court ordered Defendant competent to stand trial pursuant to 18 U.S.C. § 4241(d). On March 29, 2006, Defendant moved for an independent psychiatric evaluation and stopped his speedy trial clock. *Id.* § 3161(h)(1)(F). Thus far, six speedy trial days had elapsed. The Court granted Defendant's Motion for an independent psychiatric evaluation on April 17, 2006, at which time his speedy trial clock restarted. On April 26, 2006, Defendant moved to appoint new counsel and his speedy trial clock stopped. *Id.* Thus far, 14 days had elapsed off Defendant's speedy trial clock.

On May 9, 2006—and with his speedy trial clock still tolled—Defendant's counsel moved to withdraw. On June 9, 2006, the Court granted Defendant's Motion for New Counsel and permitted Defendant's existing counsel to withdraw. Defendant's speedy trial clock resumed June 9, 2006. Defendant's clock did not stop again until August 1, 2006, when Plaintiff moved to take a video deposition of its witness. *Id.* Thus far, sixty-six speedy trial days had elapsed. Plaintiff's Motion to take a video deposition was granted on August 3, 2006, and Defendant's speedy trial clock restarted that day.

On August 8, 2006, Plaintiff moved for permission to store a firearm (evidence in this case) in a federal courthouse, which tolled Defendant's speedy trial clock. *Id.* Thus far, 69 days had elapsed from Defendant's speedy trial clock. The Court granted Plaintiff permission to store a

firearm in the courthouse on August 10, 2006, and Defendant's speedy trial clock was poised to resume when Defendant filed the instant Motion to Dismiss Based on Violation of the Speed Trial Act on August 11, 2006, which tolled his speedy trial clock. *Id.* Thus, it appears by virtue of filing the instant Motion, Defendant has effectively denied himself the relief he sought under the Speedy Trial Act.[2]

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Jason Louis Tinklenberg's Motion to Dismiss Based on Violation of the Speed Trial Act (Dkt. No. 74) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
August 14, 2006  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Defendant's speedy trial calculations and belief that his 70-day period have expired fail to account for the excluded periods from August 1, 2006, to August 3, 2006, and August 8, 2006, to August 10, 2006. Any motion filed with the Court tolls Defendant's speedy trial clock. *United States v. Hohn*, 8 F.3d 1301, 1304-06 (8th Cir. 1993); *see also United States v. Levon*, 127 Fed. Appx. 865, 870 (6th Cir. 2005).