UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON LOUIS TINKLENBERG,

    Defendant.

_____/

Case No. 1:05-CR-239

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Defendant Jason Louis Tinklenberg's Motion for Reconsideration of the Court's August 14, 2006 decision to deny his Motion to Dismiss Based on Violation of the Speed Trial Act. To prevail on the instant Motion, Defendant must not only demonstrate that the Court's decision suffers from a palpable defect, but must also show that a different result is manifest. W.D. Mich. LCrR 47.3(a). "[M]otions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." *Id.*

    Defendant advances three grounds for reconsideration, the first being that the Court erroneously excluded the day on which motions were filed from his speedy trial calculus. In regard to whether a defendant's speedy trial clock stops the day the motion is filed or the day after, there appears to be a split of authority amongst panels of the Sixth Circuit Court of Appeals. *Cf. Greenup v. United States*, 401 F.3d 758, 766 (6th Cir. 2005) (filing of a motion stops speedy trial clock that day); *United States v. Cope*, 312 F.3d 757, 777 (6th Cir. 2002) (same); *United States v. Tinson*, 23, F.3d 1010, 1012 (6th Cir. 1994) (same); *United States v. Moran*, 998 F.2d 1368, 1370 (6th Cir. 1993) (same) *United States v. Culpepper*, 898 F.2d 65, 67 (6th Cir. 1990) (citing *United States v. Papaleo*, 853 F.2d 16, 21 (1st Cir. 1988) ("both the date on which the motion is filed and the date

on which the court disposes of the motion are part of this excludable period.")) *with United States v. Thomas*, 49 F.3d 253, 256 (6th Cir. 1995) (filing of motion does not stop speedy trial clock until the following day); *United States v. Bowers*, 834 F.2d 607, 609 (6th Cir. 1987) (same).

Given the Circuit split, the Court is left with the plain language of the Speedy Trial Act. Under 18 U.S.C. § 3161(h)(1)(F,) any "delay resulting from any pretrial motion, ***from the filing of the motion*** through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded.  (emphasis supplied).  Given that the Act unambiguously provides that the moment a motion is filed a defendant's speedy trial clock stops, the Court discerns no reason to resort to the case law.  Thus, the Court believes its exclusion of the days upon which motions were filed in this case was proper under the Speedy Trial Act and will deny Defendant's Motion for Reconsideration on that ground.

Defendant also contends the Court incorrectly tabulated his speedy trial clock concerning an August 3, 2006 Order, when it commented that "Defendant's speedy trial clock restarted that day." (Aug. 14, 2006 Order 2).  Under Federal Rule of Criminal Procedure 45(a) "the day of the act or event from which the designated period of time begins to run shall not be included."  The Court specifically noted this in its Order and calculated periods consistent with Rule 45(a). Accordingly—and to avoid injecting superfluous dates into an already confusing speedy trial calculus—August 3, 2006, was mentioned as the necessary triggering event, but not included against Defendant's speedy trial clock.  Defendant's Motion for Reconsideration on this score will be denied.[1]

---

[1] Furthermore, even under Defendant's calculations, he arrives at the 70th day being August 11, 2006, and presumes the speedy trial clock to have expired. Defendant, however, filed his Motion to Dismiss based on speedy trial grounds on Friday, August 11, 2006, and tolled the speedy trial

Finally, Defendant argues that the Court erred by failing to properly account for the time he spent in excess of ten days traveling en route to a psychological examination. On November 2, 2005, Defendant was ordered to undergo a forensic psychiatric evaluation and his speedy trial clock stopped. 18 U.S.C. § 3161(h)(1)(A). Defendant's speedy trial clock did not start again until March 23, 2006, when the Court ordered Defendant competent to stand trial. The travel periods from November 10, 2005, to November 30, 2005, are irrelevant because Defendant's clock was already stopped pursuant to section 3161(h)(1)(A). *See United State v. Murphy*, 241 F.3d 447, 455-56 (6th Cir. 2001) (citing other circuit courts of appeals that held that the section 3161(h)(1)(A) exclusion begins when a motion to determine competency is filed and ends when competency hearing is concluded). Defendant's Motion for Reconsideration on this basis will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Jason Louis Tinklenberg's Motion for Reconsideration (Dkt. No. 79) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>     August 15, 2006 |  /s/ Richard Alan Enslen    <br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

clock for the reasons articulated above. The Motion was not decided until Monday, August 14, 2006, at which time Defendant's trial had begun.