UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 1:05-cr-239-01

v.

Hon. Richard Alan Enslen

JASON LOUIS TINKLENBERG,

**ORDER**

       Defendant.
_____/

       This matter is before the Court on Defendant Jason Louis Tinklenberg's Motions for Acquittal to Count I and Counts II and III. The standard for reviewing the sufficiency of the evidence to support a conviction is reviewed in the light most favorable to the government and to determine if a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

       As to Count I, the elements of possession of a firearm by a convicted felon are: (1) defendant is a convicted felon (convicted of a crime punishable by a term of more than one year); (2) defendant knowingly possessed a firearm; and, (3) the firearm traveled in interstate commerce. 18 U.S.C. § 922(g)(1); *see also United States v. Gordon*, 744 F. Supp. 149, 151 (6th Cir. 1990).

       In the present case, Defendant agreed that he was a convicted felon and the firearms were manufactured outside of Michigan. That leaves only the element of possession. Officer Howk testified that he found the loaded magazine for a .22 pistol in Defendant's pocket. He testified further that when he asked if Defendant had any firearms, Defendant told him there was a pistol next to the driver's seat in the motor home. Officer Howk testified he recovered a pistol from next to the driver's seat inside the motor home, just where Defendant said it would be and that Defendant had

stated it was his pistol. This testimony by Officer Howk could convince a rational trier of fact beyond a reasonable doubt that Defendant was in possession of the gun, and this, alone, is sufficient to uphold the conviction of possession of a firearm by a conflicted felon.[1]

With respect to Counts II and III, the elements of possession of precursors with intent to produce methamphetamine are: (1) the defendant possessed chemicals, products, materials, or equipment which could be used to manufacture a controlled substance; (2) and at the time of the possession, the defendant knew, intended or had reasonable cause to believe the items would be used to manufacture a controlled substance. *See* 21 U.S.C. § 843(a)(6); *see also United States v. Yates*, 86 Fed. Appx. 157, 159 (6th Cir. 2004).

In the present case, as to Count II, Defendant was found to possess 964 30-milligram tablets of pseudoephedrine, three packs of AAA lithium batteries, two 64 ounce cans of Coleman fuel and plastic tubing on January 14, 2005. The Government's expert, Detective Sergeant Dunlop, testified as to how methamphetamine was made and the type of materials used in the process. The aforementioned materials were all relevant to the process of making methamphetamine as described by Detective Dunlop. Although all the items discovered were legal and legally obtained, the number

---

[1]The Court recognizes that it is irrelevant whether there was evidence sufficient as to Defendant's possession of the long gun because the conviction of Count I can be sustained with sufficient evidence as to possession of the pistol. However, in respect to the long gun, Defendant argues that like *United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984), there is insufficient evidence to find Defendant had possession. However, facts in *Beverly* are distinguishable from those in Defendant's case. In *Beverly*, the defendant was present in someone else's kitchen when the weapon with his fingerprints was found in the trash can. In that circumstance, there was not enough to find constructive possession. *Id*. at 36-37. Here, it was established that the long gun was discovered at Defendant's *own* residence and no one else was present at that time. Therefore, taking the facts in a light most favorable to the Government, a rational trier of fact could find beyond a reasonable doubt that the long gun was in Defendant's constructive possession.

of pseudoephedrine tablets in conjunction with the other materials and equipment present and the testimony of Officer Dunlop, are sufficient evidence for a rational trier of fact to find Defendant guilty of violating 21 U.S.C. § 843(a)(6).

In respect to Count III, Defendant was found to possess various chemicals that police officers with experience with such materials testified could be used to make methamphetamine. Defendant was also found to possess a substance in his freezer that was in a condition that is part of the process to make methamphetamine. Additionally, an expert lab witness testified that a substance collected in a container from the freezer during the October search of Defendant's home was found to contain a quantity of methamphetamine. Defendant argues because no "equipment" was found in the house and the jury instructions stated the jury must find the defendant "knowingly possessed *the* equipment and chemicals," that both chemicals and equipment must be present for a jury to be able to convict. (Emphasis added). However, a logical interpretation of the jury instructions is that the Government did not have the burden to prove Defendant possessed the equipment *and* materials. Rather the jury instructions, consistent with 21 U.S.C. § 843(a)(6), provided the Government needed only prove Defendant possessed materials *or* equipment. *See United States v. Johnson*, 767 F.2d 673, 674 (6th Cir. 1985) (stating "[t]he general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive...the verdict stands if the evidence is sufficient with respect to any one of the acts charged." (citations omitted)); *see also United States v. Hathaway*, 798 F.2d 902, 913 (6th Cir. 1986). The jury instruction alludes to *specific* material and equipment that were presented at trial for both Count II and Count III. As set forth above, there was equipment and material seized from Defendant's residence on January 14, 2005 and materials seized from his residence on October 4, 2005. As such, the jury instructions stated "*the* equipment and materials"

3

which can be interpreted as the specific equipment and material the Government presented in its case.  Therefore, because there was testimony of the process and materials needed to manufacture methamphetamine, testimony Defendant possessed chemicals that could be used to manufacture methamphetamine, and a substance in a condition that is part of the process to make methamphetamine, there was sufficient evidence to support Count III.

**THERFORE, IT IS HEREBY ORDERED** that Defendant Jason Louis Tinklenberg's Motions for Acquittal (Dkt. Nos. 86 & 87) are **DENIED**.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
September 22, 2006   Richard Alan Enslen
   Senior United States District Judge