UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:05-cr-239 |
| v. | Hon. Richard Alan Enslen |
| JASON LOUIS TINKLENBERG, | |
| Defendant. | **ORDER** |
| _____/ | |

This matter is now before the Court on Defendant Jason Louis Tinklenberg's Motion for a *Ginther* Hearing, Motion to Set Aside the Verdict, Motion to Petition the Court of Habeas Corpus and Revocation, Motion for New Trial, Motion for Reconsideration of Order Denying Defendant's Motion to Dismiss as to a Violation of Defendants Speedy Trial Act, and Second Motion for a New Trial.  After review, the Court will deny all of Defendant's above listed Motions.

Regarding the Motion for a *Ginther* hearing, Defendant appears to argue that certain evidence should have been suppressed at his trial.  However, Defendant did not make a motion to suppress during trial and, therefore, the argument is waived pursuant to Federal Rule of Criminal Procedure 12(b) & (c).  To the extent Defendant is contesting the effectiveness of his trial counsel, such a motion is properly brought on appeal or under 28 U.S.C. § 2255, after Defendant has been sentenced. *See* 28 U.S.C. § 2255.  As such this Motion will be denied.

Regarding Defendant's Motion to Set Aside the Verdict, Defendant challenges unspecified jury instructions which misdirected the jury.  Defendant did not object to the jury instructions during the trial.  To the extent Defendant appears to argue his counsel was ineffective for failing to object

to the jury instructions, such an objection is premature. For these reasons, this Motion will be denied.

In Defendant's Motion to Petition the Court of Habeas Corpus and Revocation, Defendant alleges that he is being illegally held without bond. Defendant had not shown that there is a likelihood for acquittal or a new trial, nor any clear and convincing evidence that Defendant would not be a danger to the community if he was released. 18 U.S.C. § 3143(a)(1) & (2). To the extent Defendant moves for a writ of habeas corpus based on insufficiency of the evidence, such a motion is improper because it is premature.

Defendant filed two Motions seeking a new trial. The first Motion sets forth the same claims as Defendant's Motion which challenged the jury instructions. The Court will deny this Motion for the same reasons set forth above; Defendant does not specify what jury instructions were improper and such a Motion is properly brought on appeal or under section 2255, after sentencing.[1]

Defendant's second Motion for a New Trial is based on Defendant's claim that new evidence exists. However, Defendant's claim of new evidence is more accurately described as an argument that certain evidence should have been suppressed at trial. As noted previously, no motion to suppress was ever made. To the extent Defendant claims the call from a security guard at Meijer constituted entrapment, such a claim lacks a legal basis. *See United States v. Kahlil*, 279 F.3d 358, 364 (6th Cir. 2002) (setting forth the elements needed for a valid entrapment defense). Defendant also challenges the sufficiency of the evidence. Defendant's counsel previously made two Motions for Acquittal which challenged the sufficiency of the evidence. (Dkt. Nos. 86 & 87.) The Court

---

[1]Defendant also alleges prosecutorial malice based on the withholding of a crucial witness. Defendant does not, however, identify the witness. Further the United States has indicated that no such request was ever made.

denied these Motions on September 22, 2006, and found sufficient evidence for conviction.[2] (*See* Dkt. No. 95.)  Defendant's second Motion for a New Trial does not cite any new evidence, nor allege a palpable defect such that Reconsideration of the Order would be appropriate.  *See* W.D. MICH. LCRR 47.3(a).  Finally, Defendant alleges a violation of the Speedy Trial Act as grounds for a new trial.  Defendant's counsel previously filed a Motion regarding the alleged violation of the Speedy Trial Act.  (Dkt. Nos. 74 & 79.)  The Court denied that Motion and a subsequent Motion for Reconsideration. (Dkt. Nos. 77 & 81.)  Defendant has alleged no new facts or evidence which would warrant Reconsideration of the issue. *See* W.D. MICH. LCRR 47.3(a).  Therefore, the Court will deny this Motion.[3]

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Jason Louis Tinklenberg's Motions (Dkt. Nos. 111, 112, 113, 114, 115 & 116) are **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 11, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[2]Defendant also alleges the use of improper jury instructions.  The Court finds that this is improper for the same reasons articulated earlier in the Order.

[3]Defendant's Motion to Dismiss as to Violation of Speedy Trial Act is denied on the same grounds.  This motion is properly brought after sentencing on appeal or under § 2255.